UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALCY JOSEPH, JR.                                      CIVIL ACTION

VERSUS                                                NO. 16-347-SDD-EWD

UNKNOWN JOHNSON, ET AL.


ALCY JOSEPH, JR.                                      CIVIL ACTION

VERSUS                                                NO. 17-124-JWD-EWD

PEOPLE READY, ET AL.


### REPORT AND RECOMMENDATION AND ORDER

A show cause hearing in Case No. 16-347 and a *Spears* hearing in Case No. 17-124 were held before the undersigned on April 6, 2017.

    **PRESENT:**   Alcy Joseph, Jr.
                     Plaintiff

*Case No. 16-347-SDD-EWD*

The undersigned had previously conducted a *Spears* hearing in this matter on August 30, 2016. Following that hearing, the plaintiff was ordered to file an amended complaint clearly identifying the defendants, the claims asserted, the specific bases for the claims asserted, and the relief sought.[1] The plaintiff timely filed his Amended Complaint.[2] The thrust of the plaintiff's claims appears to be that he is complaining of actions undertaken by the Louisiana parole board in connection with a revocation hearing. Plaintiff claims he was not provided with counsel at either

---

[1] R. Doc. 9.
[2] R. Doc. 10.

CV34aT0:15
CV35T0:30

the preliminary hearing or the revocation hearing. Upon questioning, the plaintiff indicated at today's proceedings that the state revocation hearing was conducted on January 7, 2010. Leaving aside whether the plaintiff could maintain an action against the defendants in this matter arising out of actions taken in connection with an alleged parole violation,[3] the undersigned raised concerns about the timeliness of this suit that was not filed until May 2016—over six years after any action appears to have been taken by the parole board. The plaintiff said he was also asserting a claim for false imprisonment (presumably arising out of the determination at the state revocation hearing). Upon questioning by the court, the plaintiff stated that he was released from prison following revocation on February 20, 2014. Even assuming the Court would exercise supplemental jurisdiction over the false imprisonment claim, that cause of action has also prescribed. Although under Louisiana law, the prescriptive period for false imprisonment would not begin to accrue until release from prison, under federal law, which the Fifth Circuit has held would govern when a cause of action arises, the cause of action arises "when the plaintiff knows or has reason to know of the injury which is the basis of this action."[4] The Fifth Circuit held in *Gomez* that a claim of false imprisonment arises when the defendant is arrested, charged and incarcerated ….," therefore, in this matter, the false imprisonment claim would also be untimely.[5]

---

[3] Although a prisoner's challenge to a state's parole procedures may be brought under 42 U.S.C. § 1983, the prisoner must show that those procedures created a liberty or property interest protected by the Due Process Clause. *See, e.g.*, *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause, *Stevenson v. Louisiana Board of Parole*, 265 F.3d 1060 (5th Cir. 2001), and in the absence of such a liberty interest, a due process challenge to parole board procedures must fail. Accordingly, the Amended Complaint does not state a claim cognizable in this Court.
[4] *Gomez v. Police Jurors of Jefferson Parish, et al.*, 51 F.3d 1045 (5th Cir. 1995).
[5] Even if Louisiana law governed, the plaintiff did not file suit within one year of the date he was released from prison following his parole revocation.

The plaintiff indicated he understood and would pursue these claims in a parallel proceeding pending in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana.[6]

Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims in Case No. 16-347 be dismissed for failure to state a claim pursuant to 1915(e)(2)(B)(ii).

## Case No. 17-124-JWD-EWD

The undersigned conducted a *Spears* hearing in this matter. The Complaint alleges claims under Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Genetic Information Non-Discrimination Act ("GINA"), "or" the Age Discrimination in Employment Act ("ADEA").[7] Upon questioning by the court, the plaintiff could not articulate the basis for the Title VII, ADA or GINA claims in that he could not state how he believes the defendants discriminated against him on the basis of a disability or because he falls into a protected class under Title VII. The plaintiff did repeatedly allege at the hearing that he felt defendants had discriminated against him on the basis of his age by sending him to jobs for which payment was not received on a daily basis. According to the plaintiff this is because the defendants knew he was older and less likely to "rock the boat" or cause trouble. The plaintiff stated that he has received a Notice of Right to sue from the Equal Employment Opportunity Commission ("EEOC") but that has not been made a part of the record, nor are there any allegations in the Complaint regarding when that Notice was received. The plaintiff further indicated he believes he has a

---

[6] The undersigned does not make any determination here about the viability of the claims asserted by the plaintiff in the state court proceeding.
[7] R. Doc. 1, p. 3.

3

breach of contract claim and presumably seeks to have the court exercise supplemental jurisdiction over that claim.

**IT IS HEREBY ORDERED** that no later than thirty (30) days from the date of this Report and Recommendation and Order, the plaintiff shall file into the record in Case No. 17-124 the following documentation: 1) the Notice of Right to Sue from the Equal Employment Opportunity Commission related to his claims in Case No. 17-124; and 2) the contract that forms the basis of his breach of contract claim against defendants in Case No. 17-124.  Plaintiff shall be permitted to file these documents without further leave of court.

Signed in Baton Rouge, Louisiana, on April 6, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**